IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| KEVIN SCOTT CHARLEY,<br><br>        Plaintiff,<br><br>  v.<br><br>SHARON GLEASON, THE U.S. DEPARTMENT OF JUSTICE, AND THE U.S. DEPARTMENT OF LAW<br><br>        Defendants. | Case No. 3:25-cv-00005-TMB<br><br>ORDER ON PRISONER'S COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. § 1983 (DKT. 1) |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Kevin Scott Charley's Complaint under the Civil Rights Act 42 U.S.C. § 1983 (the "Complaint").[1] For the following reasons, the Complaint at Docket 1 is **DISMISSED.**

## II. BACKGROUND

On January 10, 2025, self-represented prisoner Kevin Scott Charley filed a civil complaint against Federal District Court Chief Judge Sharon Gleason, the U.S. Department of Justice, and the "U.S. Department of Law" ("Defendants").[2] Charley also filed a civil cover sheet and an application to proceed without prepaying the filing fee.[3] In Claim One, Charley alleges Chief Judge Gleason violated Charley's right to access the courts by dismissing his writ of mandamus and

---

[1] Dkt. 1 (Complaint).
[2] *Id*. To the Court's knowledge, the United States government does not have a Department of Law. It is the Department of Justice that oversees domestic enforcement of federal law. To the extent Charley intended to name the State of Alaska Department of Law overseeing his criminal prosecution in *State of Alaska vs. Charley,* Case No. 3PA-24-01414CR, the prosecutors employed by that agency are also protected by prosecutorial immunity and are not responsible for filing criminal charges against anyone else on his behalf. *See infra* pp. 5–7.
[3] *Id.*; Dkt. 2 (Civil Cover Sheet); Dkt. 3 (Application to Waive Prepayment of Filing Fee).

1

failing to file a criminal case on his behalf.[4] In Claims Two and Three, Charley alleges the "U.S. Department of Law" and U.S. Department of Justice also violated his right to access the courts by failing to file a criminal complaint on his behalf.[5] For relief, Charley requests $241 trillion in damages and $333 trillion in punitive damages.[6]

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the cases Charley has previously filed in federal court.[7] Previously, Charley filed a Motion for Writ of Mandamus against the Alaska Ombudsman Office and the Victims Crime Compensation Board.[8] On November 19, 2024, Charley filed a Notice of Voluntary Dismissal in that case after the Court issued a Notice of Intent to Dismiss his filing as frivolous.[9] He also filed a case against Jason Summerville, an Alaska State Trooper; Sheri Olson, a Department of Corrections Superintendent; and the State of Alaska, Office of Children Services.[10] This case is still pending.[11]

The Court has screened the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. The Court finds Charley has failed to adequately state a claim for which relief may be granted. The Court further finds the Complaint to be frivolous and that allowing leave to file an

---

[4] Dkt. 1 at 3.
[5] Dkt. 1 at 4–5.
[6] Dkt. 1 at 8.
[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (internal quotation marks omitted.)). The Court's online docket records may be accessed by the public online at pacer.uscourts.gov or without a Pacer login and password in the Clerk's Office during regular business hours.
[8] *Charley v. Alaska Ombudsman Office*, 3:24-cv-00210-SLG, at Dkt. 1 (Motion).
[9] *Charley v. Alaska Ombudsman Office*, 3:24-cv-00210-SLG, at Dkt. 6 (Notice of Voluntary Dismissal).
[10] *Charley v. Sommerville, et al.*, 3:24-cv-00172-SLG, at Dkt. 1 (Complaint), Dkt. 14 (First Amended Complaint).
[11] *Id.*

amended complaint would be futile. Therefore, the Court will not grant Charley leave to file an amended complaint and dismisses this case with prejudice. This dismissal counts as a strike under 28 U.S.C. § 1915(g).

### III. LEGAL STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[12] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[13]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[14] However, a court is not required to accept unwarranted inferences.[15] Further, a court cannot act as an attorney for a self-represented litigant, such as by supplying the essential elements of a claim.[16]

Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in

---

[12] 28 U.S.C. §§ 1915, 1915A.
[13] 28 U.S.C. § 1915(e)(2)(B).
[14] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).
[15] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).
[16] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

3

the complaint, or matters of judicial notice.[17] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[18]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless amendment would be futile.[19] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[20]

IV. ANALYSIS

This action is dismissed with prejudice and all pending motions are denied as moot. Charley's claims are not appropriately brought as a new case. Further, his claims are frivolous because they are unsupported by law and because the Defendants against which he brings them are protected by judicial and prosecutorial immunity. Therefore, the Court finds that amendment of the claims is futile.[21]

A. Charley's Claims are Not Appropriately Brought as a New Case

Charley brought the claims which underly the Complaint previously in another case that is pending before the District Court.[22] The Court has not yet screened Charley's First Amended Complaint in that case.[23] After the Court has screened his Complaint in that case, Charley may file

---

[17] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).
[18] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").
[19] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[20] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[21] *See id.*; *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper where amendment would be futile).
[22] *Sommerville,* 3:24-cv-00172-SLG.
[23] *Id*. at Dkt. 14.

an appeal or seek relief from the final judgment if he disagrees with the Court's analysis.[24] Charley's challenges are not appropriately brought as a new case.[25]

### B. The Claims are Frivolous and Amendment is Futile

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact."[26] The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.[27] Charley's claims are unsupported by law and, regardless, the Defendants are protected by judicial and prosecutorial immunity.

#### 1. Charley Cannot Force the Government to Bring Criminal Charges

Charley believes the Defendants violated his rights by failing to press criminal charges "as requested."[28] However, private citizens do not have a right to have criminal charges brought on their behalf.[29] The United States Constitution delegates the powers of the Federal Government into three defined categories: the Legislative Branch, the Executive Branch, and the Judicial Branch.[30] The Executive Branch of the United States has exclusive authority and absolute discretion to decide whether to prosecute a criminal case.[31] As the Judicial Branch, this Court does not have

---

[24] Fed. R. Civ. P. 59(e), 60(b); Local Civil Rule 7.3(h)(5) ("[M]otion seeking relief from or amendment of an appealable order or judgment must be filed pursuant to Federal Rule of Civil Procedure 59 or 60").
[25] *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001) (explaining that a party must overcome a "high hurdle" to obtain relief under Rule 59(e) since only "highly unusual circumstances" will justify its application); *333 W. Thomas Med. Bldg. Enters. v. Soetantyo*, 976 F. Supp. 1298, 1302 (D. Ariz. 1995) ("A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through." (cleaned up)).
[26] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).
[27] *Id.* at 327.
[28] Dkt. 1 at 4–5.
[29] *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . , a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").
[30] *Bowsher v. Synar,* 478 U.S. 714, 721 (1986).
[31] *United States v. Nixon,* 418 U.S. 683, 693 (1974).

5

the power to criminally prosecute any individual or to issue an order for the arrest of an individual based on Plaintiff's request.[32] Therefore, by alleging that Chief Judge Gleason "failed to file" a criminal complaint on his behalf and that the United States Department of Justice "failed to file" criminal complaints "as requested,"[33] Charley has not alleged a violation of his rights.

   2. The Named Defendants are Protected by Judicial Immunity and Prosecutorial Immunity

State and federal "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[34] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[35] Similarly, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process."[36] A mistake does not abrogate this immunity even if it results in "grave procedural errors."[37] The Court of Appeals for the Ninth Circuit has held that "when a person who is alleged to have caused a deprivation of constitutional rights while acting under color of federal law can successfully assert judicial or quasi-judicial immunity from damages, that

---

[32] *See Egolf v. United States*, No. 4:23-CV-00007-SLG, 2023 WL 5350680, at *2 (D. Alaska Aug. 21, 2023); *Latronica v. Merrill Lynch*, 2016 WL 6967586, at *2 (E.D. Cal. 2016), *report and recommendation adopted sub nom. Latronica v. Lynch*, 2016 WL 10654059 (E.D. Cal. 2016).
[33] Dkt. 1 at 3–5.
[34] *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.").
[35] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).
[36] *Mullis v. U.S. Bankruptcy Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).
[37] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

immunity also will bar declaratory and injunctive relief."[38] Therefore, even if Charley's claim was not frivolous, Chief Judge Gleason is protected from the claim by her judicial immunity.

Likewise, Charley's damage claim against the Department of Justice is also barred. Prosecutorial immunity insulates prosecutors for all actions taken within the scope of their duties in pursuing a criminal prosecution.[39] A prosecutor's absolute immunity extends to "initiating a prosecution and presenting the [Government's] case."[40] Absolute prosecutorial immunity is meant to "protect[ ] the prosecutor from harassing litigation that would divert his time and attention from his official duties" and to "enabl[e] him to exercise independent judgment when 'deciding which suits to bring and in conducting them in court.'"[41] As Charley's claim alleges the Department of Law and the Department of Justice failed to prosecute a claim on his behalf, the agency is protected by prosecutorial immunity.

C. This Dismissal Counts as a Strike.

The Prison Litigation Reform Act requires that a self-represented prisoner receive a strike if his case is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted."[42] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[43] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other cases in federal court without prepaying the full filing fee unless he make a "plausible allegation" that he "is under imminent danger of serious physical

---

[38] *Mullis*, 828 F.2d at 1394.
[39] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).
[40] *Id.*
[41] *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quoting *Kalina v. Fletcher*, 522 U.S. 118, 125 (1997)) (alteration in original).
[42] 28 U.S.C. § 1915(g).
[43] *Jones v. Bock,* 549 U.S. 199, 204, 224 (2007).

7

Case 3:25-cv-00005-TMB     Document 7     Filed 02/05/25     Page 7 of 8

injury" at the time of filing his complaint.[44] The imminent danger standard requires a prisoner to allege an "ongoing danger."[45] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[46]

## V.   CONCLUSION

For the foregoing reasons, the Court finds the Complaint is frivolous and that leave to amend would be futile.

**IT IS THEREFORE ORDERED:**

1. This case **is DISMISSED with prejudice**.

2. All pending motions are **DENIED as moot.**

3. This dismissal counts as a **STRIKE** under 28 U.S.C.§ 1915(g).

4. The Court certifies that any appeal from this order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) because the Complaint is frivolous.[47]

5. Charley must not file any future claims for which he lacks a sufficient legal or factual basis.

6. The Clerk shall issue a final judgment and close this case.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 5th day of February, 2025.

/s/  *Timothy M. Burgess*
 TIMOTHY M. BURGESS
 UNITED STATES DISTRICT JUDGE

---

[44] 28 U.S.C. § 1915(g); *Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).
[45] *Andrews,* 493 F.3d at 1056–57.
[46] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus requirement between the alleged imminent danger and the violations of law alleged in the complaint for imminent danger exception to the PLRA three-strikes provision).
[47] Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *see also Hooker v. American Airlines,* 302 F.3d 1091, 1092 (9th Cir. 2002) (noting that an appeal is taken in "good faith" if it seeks review of at least one "non-frivolous" issue).